566

Margarita Mercado Riera et al., demandantes y recurridos, v. Mario Mercado Riera et al., demandados y recurrentes.

Número: 584    Resuelto: 4 de marzo de 1963

*Francisco Torres Aguiar, Carlos R. Cuprill, Benjamín Ortiz, Pedro M. Porrata y Carlos Romero Barceló,* abogados de los recurrentes; *Raúl Matos,* abogado de los recurridos.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

El Juez Asociado Señor Dávila emitió la opinión del Tribunal.

Margarita Mercado Riera y Pastor S. Mandry, demandantes en esta acción, tienen una participación de un 21.25%

en la sociedad Mario Mercado e Hijos. Los demandados, Mario Mercado Riera, socio gestor de la sociedad, y sus hijos, tienen un 57.50%, y la sucesión de Adrián Mercado Riera, codemandada, tiene una participación de 21.25%. Los demandantes instaron acción interesando la disolución de la entidad social. El juez de instancia dictó sentencia sumaria a favor de los demandantes. Los demandados sostienen que no procedía disponer del caso en esa forma. Afirman que hay hechos controvertibles que deben ser dilucidados en un juicio.

▮ Reiteradamente hemos resuelto que no procede una sentencia sumaria si "existe una controversia genuina a ser juzgada" y que ". . . el que solicita se dicte sentencia sumaria está en la obligación de demostrar que no hay controversia en cuanto a los hechos y que procede se dicte sentencia como cuestión de derecho". *Cortés Piñeiro* v. *Sucn. A. Cortés*, 83 D.P.R. 685 (1961); *Pan American* v. *Tribunal Superior*, 86 D.P.R. 139 (1962); *Municipio* v. *Tribunal Superior*, 78 D.P.R. 816 (1955); *Sánchez* v. *de Choudens*, 76 D.P.R. 1 (1954); *Hernández* v. *Caraballo*, 72 D.P.R. 673 (1951). Ahora, si los hechos no están en controversia y el pleito sólo presenta una cuestión de derecho, está en orden disponer del asunto mediante sentencia sumaria. *Vega* v. *P. R. Railroad & Transport Co.*, 79 D.P.R. 401 (1956); 3 Barron & Holtzoff, *Federal Practice & Procedure, Rules Edition*, Sec. 1231, pág. 96 (ed. 1958). Recientemente ratificamos estos criterios en *Roth* v. *Lugo*, 87 D.P.R. 386 (1963), pero hicimos claro que "[u]na parte tiene derecho a un juicio plenario cuando existe la más leve o mínima duda en cuanto a cuáles son los hechos. . ." y "toda duda en cuanto a la existencia de una controversia real debe resolverse en contra de la parte que solicita la sentencia sumaria".

▮ Está en orden pues determinar si existe o no una genuina controversia sobre los hechos. En la demanda radicada

se alegó que procedía la disolución de la sociedad por los siguientes fundamentos:

"(a) Que desde hace algunos años ha existido y existe una honda incompatibilidad con el socio codemandado, MARIO MERCADO RIERA, determinada por su actitud molesta y perjudicial con los actores y la otra codemandada, María Luisa Mercado Riera, hasta el extremo de que no se le puede soportar o tolerar como socio gestor de MARIO MERCADO E HIJOS, y que se ha manifestado en una ruptura abierta de toda comunicación y todo cambio de impresiones en relación con asuntos vitales de la sociedad y de su gestión, en tal grado que los actores han quedado privados de todo derecho a conocer y opinar sobre los mismos, habiéndose traducido dicha incompatibilidad en pleitos y reclamaciones continuas, falta absoluta de intervención de los demandantes en la sociedad, por la conducta irreverente y mal carácter de dicho demandado, no pudiendo lograrse en forma alguna la convivencia armónica o hermandad necesarias en una sociedad que ha hecho imposible soportarlo como tal socio gestor de la referida entidad y en quien los actores ya no tienen confianza alguna.

"(b) Que como socio gestor de MARIO MERCADO E HIJOS, el demandado, Mario Mercado Riera, le ha negado a los demandantes el derecho a inspeccionar la factoría de dicha sociedad en Guayanilla, Puerto Rico, habiendo resultado infructuosa toda gestión al efecto.

"(c) Que como socio gestor de MARIO MERCADO E HIJOS, el demandado Mario Mercado Riera, ha perdido innumerables colonos para el ingenio o factoría azucarera de la referida sociedad, en Guayanilla, P. R., debido a su falta de tacto comercial y a sus intransigencias y mal carácter, habiendo perdido la confianza necesaria para hacer negocios con un gran sector de colonos de caña de la Costa Sur de Puerto Rico, que se niegan a contratar con dicha firma mientras Mario Mercado Riera sea el gestor de la misma originando ello incalculables perjuicios a la entidad y sus socios.

"(d) Que el demandado Mario Mercado Riera, en el expresado carácter de socio gestor de MARIO MERCADO E HIJOS, ha usurpado y usurpa bienes de la codemandante, Margarita Mercado Riera, recolectando sus frutos y productos, obligando a la misma a demandarlos en reivindicación y reclamación de

frutos, según acción civil número CS–53–1675, instada por los demandantes contra Mario Mercado Riera y Mario Mercado e Hijos, ante la Sala de Ponce del Tribunal Superior de Puerto Rico.

"(e) Que durante su incumbencia como socio gestor de Mario Mercado e Hijos, Mario Mercado Riera ha creado un estado de favoritismo para él, sus hijos, yernos, allegados y amigos, mediante considerables transacciones contrarias a todas las normas y prácticas comerciales y a la finalidad para la cual fue creada la referida firma, con graves e incalculables perjuicios para ésta y sus socios.

"(f) Que Mario Mercado Riera, como socio gestor de MARIO MERCADO E HIJOS, ha mantenido una reserva de $2,947,643.68 en contra de todas las normas de contabilidad y de las prescripciones de la Ley de Contribución sobre Ingresos (Income Tax).

"(g) Que Mario Mercado Riera, como socio gestor de MARIO MERCADO E HIJOS, no obstante lo consignado en el inciso precedente, se ha negado a entregarle suma alguna a la demandante, Margarita Mercado Riera, para pagar las deficiencias de contribuciones sobre ingresos (Income Tax), para los años 1941 a 1952 sobre beneficios no distribuídos de la demandante en dicha sociedad para los expresados años, ascendentes dichas deficiencias a la cantidad de $173,251.27 en pagos anuales de $12,456.27 cada uno, que representa una suma mayor que la entrada anual que percibe en metálico de dicha sociedad.

"(h) Que Mario Mercado Riera, como socio gestor de MARIO MERCADO E HIJOS, ha utilizado fondos de la sociedad por la suma de $72,247.78 para pagar cantidades cuyo pago era y es de la exclusiva responsabilidad del referido Mario Mercado Riera, en los pleitos sobre impugnación de cuentas, civil número 782, de la Corte de Distrito de Ponce, según sentencia de 19 de febrero de 1942, confirmada por el Tribunal Supremo de Puerto Rico el 8 de mayo de 1946 y el 14 de enero de 1947, confirmada sumariamente por la Corte de Circuito de Boston y el Tribunal Supremo de los Estados Unidos, en abril 9 de 1948 y octubre 11 de 1948, respectivamente, y de acuerdo con la sentencia del Tribunal Supremo de Puerto Rico, de 4 de agosto de 1950, reconsiderada por dicho Tribunal en virtud de la sentencia que dictara el 8 de mayo de 1950.

"(i) Que Mario Mercado Riera, como socio gestor de MARIO MERCADO E HIJOS, retuvo indebidamente para la sociedad la suma de $11,339.87, perteneciente a Margarita Mercado Riera; desde el 22 de agosto de 1937 hasta el 25 de abril de 1956, que la entregó a la actora como consecuencia de la acción civil número CS–53–1675, instada por los demandantes contra Mario Mercado Riera y Mario Mercado e Hijos.

"(j) Que Mario Mercado Riera, como socio gestor de MARIO MERCADO E HIJOS, ha entregado a Pedro M. Porrata la cantidad de $15,666.53, de acuerdo con una supuesta cuenta especial, para gastos de política, completamente ajenos a la finalidad para la cual fué creada la referida entidad.

"(k) Que el demandado, Mario Mercado Riera, como socio gestor de MARIO MERCADO E HIJOS, ha efectuado desembolsos para beneficio de Juan V. Díaz, montantes a $21,269.00, completamente disvinculados de la gestión social, en contravención al contrato de sociedad, para defenderle de una acción criminal de asesinato ante la Sala de Ponce del Tribunal Superior de Puerto Rico.

"(l) Que el demandado, Mario Mercado Riera, como socio gestor de MARIO MERCADO E HIJOS, y éste, como sociedad o persona jurídica, ha violado la Ley de Tierras de Puerto Rico número 26, de 12 de abril de 1941, debido a la adquisición, dominio y control de tierras en exceso de quinientos (500) acres por la dicha sociedad, MARIO MERCADO E HIJOS, y/o a su inacción posterior al no cumplir con la referida Ley, todo lo cual motivó la radicación de la correspondiente acción ante el Tribunal Supremo de Puerto Rico, contra la indicada sociedad, procedimiento aún pendiente ante dicho Tribunal bajo el número 2.

"(m) Que MARIO MERCADO RIERA, en su carácter de Director gerente y socio gestor de la firma demandada, MARIO MERCADO E HIJOS, valiéndose de subterfugios mediante la desvalorización independiente de los inventarios de azúcares, transfiere beneficios de un año para otro, exponiendo así a la referida entidad al pago de deficiencias contributivas, recargos y penalidades, que de otro modo no tendría que satisfacer, con graves perjuicios para los intereses de los demandantes y de la sociedad demandada, habiendo resultado infructuosa toda gestión de los actores para que dicho codemandado descontinuara la práctica enunciada.

"(n) Que todas y cada una de las actas de socios de MARIO MERCADO E HIJOS, son nulas y sin valor legal alguno por haber participado en las mismas personas completamente extrañas a la sociedad sin interés alguno en la misma.

"(o) Que Mario Mercado Riera, en su carácter de director gerente y socio gestor de Mario Mercado e Hijos, que es una sociedad civil agrícola, y durante su expresada incumbencia ha autorizado y/o realizado actos, gestiones, contratos y operaciones para convertir dicha entidad en una de naturaleza mercantil, dedicándola a operaciones mercantiles, conforme ha reconocido el referido gestor ante este Hon. Tribunal, variando así la responsabilidad de los socios en el orden jurídico y económico al hacerla solidaria, en lugar de mancomunada, de acuerdo con lo que concertaron las partes al constituir, prorrogar y modificar la referida sociedad, por las diversas escrituras relacionadas, con serio detrimento y grave perjuicio de los actores y demás socios, infringiendo e incumpliendo de ese modo, el contrato social, al faltar dicho socio codemandado a sus obligaciones legales y contractuales."

Los demandantes fundaron su solicitud para que se dictara sentencia sumaria en cinco de las quince causales que se alegaron en la demanda para disolver la sociedad. Al dictar la sentencia sumaria solicitada, el juez de instancia se basó en tres, desestimando dos. Las tres, sobre los cuales el juez sentenciador determinó que no existía una genuina controversia de hechos y que eran suficientes para decretar la disolución de la firma, son las siguientes: (1) El socio gestor, no obstante existir un fondo de reservas ascendente a $2,947,643.68 se había negado a facilitarle a los demandantes la suma de $173,251.27 en pagos anuales de $12,456.27 cada uno para pagar la contribución sobre ingresos de los beneficios no distribuidos que les correspondían; (2) El socio gestor había pagado con fondos de la sociedad los gastos para la defensa de un empleado de la firma y (3) El socio gestor había pagado con fondos de la sociedad obligaciones personales.

¿Existe una controversia genuina de hechos sobre estos tres fundamentos que sirvieron de base para dictar la sen-

tencia sumaria? Pasemos a considerarlos en el orden arriba expuesto.

Al considerar el fundamento que aparece en primer término el tribunal de instancia hace un minucioso y abarcador estudio de las cláusulas del contrato social comenzando con el que le dio vida a la entidad y todos los posteriores que la modificaron. Concluye que de acuerdo con los términos de los mencionados contratos existe la obligación de repartir indefectiblemente entre los socios el 30% de los beneficios que obtenga la firma y que, para no repartir el remanente, se necesita el consentimiento de todos los socios. No se controvierte el hecho de que se distribuyó el 30% de los beneficios, pero sostiene el tribunal a quo que el socio gestor "incumplió en su más íntima esencia sus obligaciones sociales" y que "procede en derecho la disolución del contrato de sociedad por haber faltado el gestor a sus obligaciones sociales".

Los demandados al oponerse a que se dictara la sentencia sumaria solicitada argumentaron en el sentido de que el contrato social en lo referente a la distribución de beneficios es claro y terminante. Hay que repartir el 30% de los beneficios que obtenga la sociedad, pero para repartir el resto se necesita que así lo acuerden la mayoría de los socios que representan el capital social. Con su oposición los demandados acompañaron una serie de documentos entre los cuales está una carta dirigida por el socio gestor a los demandantes cuando éstos solicitaron el dinero para pagar la contribución sobre ingresos de los beneficios no distribuídos. Dice así la referida carta:

"Contestamos su carta del 25 de noviembre de 1953, recibida por nosotros el primero de diciembre del mismo año, en la cual solicitan ustedes el envío por nosotros de determinadas cantidades de dinero para hacer alegados pagos al Tesorero de Puerto Rico, cobros que los demás socios de esta entidad en la misma posición de ustedes lograron prorrogar a los fines de proveerse de tiempo para defender su contención de que no procede el pago

de contribución sobre ingresos por el concepto mencionado por ustedes en su carta.

"Entendemos que la disposición de otros socios de allanarse a las pretensiones del Tesorero perjudica las oportunidades de éxito de la contención de que no procede este cobro por el Tesorero de Puerto Rico.

"Lamentamos muy de veras nuestra imposibilidad de acceder a la petición de ustedes, porque implicaría el apartarnos de lo convenido en el Contrato Transaccional del 9 de septiembre de 1938, con perjuicio de los negocios de la Sociedad, que durante el tiempo de invernazo necesita de todos sus recursos económicos para la atención de las siembras de las cañas propias y de colonos y para la adecuada reparación y mejoramiento de la factoría, actividades económicas éstas de primordial importancia en vista de la aguda competencias de los molinos cercanos.

"No obstante lo indicado, acompañamos a nuestros cheques números 3185 y 3186 de fecha de hoy a cargo del Banco de Ponce por MIL DOSCIENTOS CINCUENTA Y OCHO DOLARES OCHENTA Y UN CENTAVOS ($1,258.81) y MIL CIENTO DIEZ Y OCHO DOLARES NOVENTA Y CUATRO CENTAVOS ($1,118.94) a favor respectivamente de doña Margarita Mercado Riera y don Pastor S. Mandry, que son las únicas sumas disponibles por ustedes en esta fecha de acuerdo con los términos del Contrato Transaccional de septiembre 9, 1938 y que representa el beneficio adicional correspondiente respectivamente a cada uno de los mencionados socios de los años 1945 y 1947 por concepto de deficiencias determinadas en la contribución sobre ingresos por el Tesorero de Puerto Rico para los años referidos.

"En cuanto a su mención de su carta del 27 de junio de 1950, en torno al Fondo de Reservas, hacemos nuestra y damos por reproducida la carta que nuestro socio don Mario Mercado Riera remitiera a ustedes y a don Adrián Mercado Riera, con copia a los demás socios, doña María Luisa Mercado Riera, doña Eufemia Eileen Mercado Parra, doña Adriana Luisa Mercado Parra y don Mario Luis Mercado Parra, de fecha 12 de julio de 1950 y contestando la citada de ustedes del 27 de junio de 1950 en donde se expresa el criterio de dicho don Mario Mercado Riera de la propiedad y justificación del Fondo de Reservas, el cual, como bien saben ustedes se ha utilizado en la

atención de las operaciones de la firma y para mantener a ésta en posición de competencia con negocios de igual naturaleza y de mayores recursos económicos en el área comercial nuestra."

Independientemente de cuál es la interpretación correcta de lo pactado en cuanto a la distribución de beneficios, del anterior documento surge que existe en cuanto al fundamento que estamos considerando, una genuina controversia de hechos que debe ser dilucidada en juicio.

Para poder determinar la intención de las partes al convenir la modificación del contrato social en cuanto a la distribución de beneficios precisa determinar cuáles son las necesidades normales del negocio a que se dedica la sociedad que se interesa disolver. Es igualmente necesario determinar si lo que se apunta en la carta es cierto en cuanto a las mejoras necesarias. Estas y otras cuestiones obviamente deben ser dilucidadas para estar en una mejor posición al interpretar las cláusulas sobre distribución de beneficios.

Al oponerse los demandados al segundo fundamento aducido para dictar la sentencia sumaria, presentaron una declaración jurada de la persona acusada. De la declaración jurada surge que era administrador de la sociedad, que había sido acusado de asesinato en primer grado y "que según aparece de la prueba en el récord de este caso [se refiere al caso en que fue acusado] y las demás circunstancias del caso el problema surgió con motivo de cumplir mis deberes de administrador de la sociedad Mario Mercado e Hijos, razón por la cual la sociedad hizo los egresos indicados".

Surgió una controversia que hay que dilucidar en el juicio. Se alega bajo juramento que el acusado es administrador de la sociedad, que los hechos por los cuales se le acusó surgieron en relación con el desempeño de sus funciones como tal administrador. Si en esas circunstancias podría sostenerse que era razonable que la sociedad pagara los gastos de su defensa, *quaere*.

En relación con el tercer y último fundamento de disolución que sirvió de base para dictar la sentencia sumaria, procede una más detallada exposición de los hechos.

A su muerte, el causante de los socios litigantes, dejó en cuentas bancarias la cantidad de $576,306.53. Cuatro eran los herederos y participaban en el caudal hereditario en partes iguales. La participación de los herederos en la sociedad era diferente. El socio gestor Mario Mercado Riera tenía el 55% y los otros tres hermanos poseían el 45% restante. La sociedad reclamó como suyo el dinero que aparecía a nombre del padre en las cuentas bancarias. Mediante contrato transaccional los hermanos convinieron en que del dinero depositado en los bancos a nombre de su causante, $320,306.53 pertenecían a la sociedad. Cuando el socio gestor, que a la vez era albacea de la herencia del padre rindió la planilla para determinar la contribución de herencia, incluyó los $320,306.53 como bienes pertenecientes a la sucesión. Los otros hermanos impugnaron la partida correspondiente a la contribución sobre esa cantidad alegando que ese dinero pertenecía a la sociedad y no a la herencia. Los tribunales reconocieron que así era y ordenaron al albacea que restituyera el dinero al caudal hereditario. *Mercado* v. *Mercado*, 66 D.P.R. 38 (1946). El albacea lo restituyó con dinero de la sociedad haciendo constar claramente en los cheques el concepto del pago.

Tal vez pueda sostenerse que en cuanto a este fundamento no hay una genuina controversia de hechos, pero ¿se estaría justificado en dictar una sentencia sumaria disolviendo una sociedad, por este solo fundamento? El socio gestor al hacer el pago con fondo de la sociedad no lo ocultó. Expresamente hizo constar en los cheques el concepto del pago. Los demandantes tenían otros medios en su poder para obligar al socio gestor a devolver el dinero a la sociedad. Resulta demasiado frágil este solo motivo para decretar la disolución solicitada.

■ En la demanda radicada como hemos visto, se aducen motivos serios, que de establecerse debidamente en juicio podrían servir de base para una determinación juiciosa sobre la procedencia de la disolución de la sociedad. Pero se prefirió recurrir al atajo de la sentencia sumaria. Vale aquí repetir las palabras del Juez Learned Hand en *Bozart* v. *Bank of New York*, 156 F.2d 787 (2do. Cir. 1946):

"En definitiva no podemos dejar de observar que el caso es otra gestión equivocada para ahorrar tiempo tratando de disponer de un estado de hecho complicado en una moción de sentencia sumaria."

Ver además: *Bushman Construction Co.* v. *Conner*, 307 F.2d 888 (10mo. Cir. 1962); *National Screen Service Corp.* v. *Poster Exchange, Inc.*, 305 F.2d 647 (5to. Cir. 1962); *Colby* v. *Kleine*, 178 F.2d 872 (2do. Cir. 1949).

*Por lo expuesto procede revocar la sentencia sumaria que dictó el Tribunal de Distrito, Sala de Ponce, con fecha 30 de enero de 1961 y devolver el caso para ulteriores procedimientos.*