FRANK ZORRILLA, ETC., querellante y recurrente, *v.* METROPOLITAN CONSTRUCTION CORP. y/o ANTONIO MARTOS TORRES, querellado y recurrido.

*Número:* R-64-192      *Resuelto:* 29 de marzo de 1965

*Manuel Janer Mendía* y *Ramón R. Lugo Beauchamp,* abogados del recurrente; *Celestino Morales, Jr.,* y *Francisco L. Acevedo Nogueras,* abogados de la recurrida.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

EL JUEZ ASOCIADO SEÑOR SANTANA BECERRA emitió la opinión del Tribunal.

Para beneficio del obrero Francisco Negrón Figueroa, el Secretario del Trabajo interpuso querella en la Sala de San Juan del Tribunal Superior contra los demandados y recurridos Metropolitan Construction Corp. o en su lugar Antonio Martos Torres, en reclamación de salarios. Se alegó en la querella que los querellados contrataron y utilizaron los servicios del obrero como celador en un negocio de guarda o custodia de vehículos de motor cubierto por el Decreto Mandatorio Núm. 40. Metropolitan Construction Corp. aparece citada, no así Martos Torres. Metropolitan Construction contestó en los méritos; se celebró una conferencia con antelación al juicio y el caso quedó señalado para vista.

Posteriormente la recurrida Metropolitan Construction solicitó que se dictara sentencia a su favor sumariamente, y alegó para ello que el querellante era un empleado de Martos Torres y que éste le había arrendado bajo contrato a la recurrida el local de estacionamiento a que se refiere la querella. Con su moción acompañó una declaración jurada del contralor de Metropolitan en que se hace constar que Metropolitan es dueña de un solar localizado en la Avenida Ponce de León, Pda. 18; que el 5 de marzo de 1958 ella firmó un contrato de arrendamiento mediante el cual le arrendó a Antonio Martos Torres dicha propiedad para ser dedicada por éste al negocio de estacionamiento de vehículos de motor; que desde el 5 de marzo de 1958 y durante el período que envuelve la reclamación de salarios de este caso dicho contrato de arrendamiento estuvo vigente, y que el obrero Francisco Negrón Figueroa no fue empleado de Metropolitan Construction durante dicho período ni aquélla contrató o utilizó sus servicios en tal negocio.

No puede ofrecerse una idea cabal del problema envuelto a menos que se dé a conocer el contenido del referido contrato de arrendamiento, que fue unido al récord como prueba del querellante:

"Contrato de Arrendamiento

"De Una Parte—Metropolitan Construction Corporation —representada por el Sr. Jorge I. Rosso, Presidente, de aquí en adelante parte denominada 'ARRENDADOR'.

"De la Otra Parte—Antonio Martos Torres, mayor de edad, residente en la Avenida A #2014, Barrio Obrero, Santurce, P.R. de aquí en adelante denominado 'ARRENDATARIO'.

"Por la Presente la Metropolitan Construction Corporation (arrendador) arrienda al Sr. Antonio Martos Torres (arrendatario) el área de estacionamiento de vehículos de motor que se describe:— Area Libre de estructuras con entradas por la Ave. Ponce de León No. 1305 y por la Calle Villamil No. 309, Pda. 18, Santurce, P.R.; sujeto a los términos y condiciones que se especifican a continuación:—

"1—Este contrato de arrendamiento tendrá una duración de 24 horas, comenzando a regir a las 12:01 AM del día 6 de marzo de 1958, y será automáticamente renovado diariamente hasta tanto cualquiera de las partes decida descontinuarlo.

"2—El canon de arrendamiento será de $0.15 (quince centavos) por cada vehículo de motor que sea estacionado por un término de 4 horas o menos y de $0.30 (treinta centavos) por cada vehículo que sea estacionado por más de cuatro horas.

"3—En caso de que el arrendatario permita a cualquier dueño de vehículo que sea estacionado en los terrenos arrendados, a hacer el pago por estacionamiento en forma mensual, el arrendatario deberá someter inmediatamente el nombre del dueño y el No. de la licencia del vehículo al arrendador. En estos casos el arrendatario cobrará al dueño del vehículo una renta no menor de $10.00 por adelantado, renta la cual deberá entregar al arrendador en su totalidad, inmediatamente. El arrendador al finalizar el mes que cubra dicha renta, pagará al arrendatario un 25% del total de dichas rentas.

"4—El arrendatario deberá rendir un informe diario detallado de los vehículos estacionados en el área, incluyendo el número de la tablilla y cantidad cobrada por cada uno.

"5—Este informe deberá rendirlo el arrendatario en o antes de las 9:00 AM del día posterior al cual pertenecen los cobros. Conjuntamente con el informe, deberá el arrendatario hacer entrega del importe correspondiente por los cobros efectuados el día anterior y éste deberá hacerlo en las oficinas centrales del arrendador, o sea en la Calle Villamil #315, primer piso, Santurce, P.R.

"6—El arrendatario acepta como buenas las condiciones del terreno a la fecha de este contrato y se compromete a mantener esas condiciones durante todo el período del arrendamiento.

"7—El arrendatario no podrá subarrendar bajo ninguna circunstancia ni parte ni todo el terreno de estacionamiento cubierto por este contrato ni entrar en ninguna clase de negocios a menos que tenga autorización por escrito de parte del arrendador.

"8—El arrendatario no podrá ceder este contrato.

"9—El arrendatario no podrá construir ninguna clase de estructura en el terreno arrendado.

"10—El arrendador tendrá derecho a hacer uso del terreno para el estacionamiento de los vehículos de motor de sus oficiales y empleados sin tener que hacer pago alguno por dicho estacionamiento.

"11—El arrendatario será responsable por cualquier clase de reclamación que proceda de cualquiera de los dueños de vehículos que se estacionen en dicha área."

El Secretario radicó oposición a la solicitud de sentencia sumaria por el fundamento de que el contrato de arrendamiento invocado no era otra cosa sino uno de agencia.

La Sala dictó sentencia sumariamente desestimando la querella. Se basó en el anterior contrato, que consideró como uno típico de relación arrendaticia. Concluyó que de haberse prestado los servicios que se alegan, habían sido prestados al arrendatario Antonio Martos Torres y que nunca existió relación de patrono y empleado entre dicho obrero y Metropolitan Construction. Expedimos auto de revisión a instancias del Secretario del Trabajo. Sostiene éste que el referido contrato no es de arrendamiento y sí un contrato de agencia, en que el llamado arrendatario, Martos Torres, era un administrador o

agente de Metropolitan a comisión en la explotación del negocio de estacionamiento.

Cuando se analiza el negocio jurídico contenido en el transcrito documento al trasluz de las disposiciones del Código Civil relativas al típico contrato de arrendamiento, y de sus características esenciales, de cierto habría de concluirse, cuando menos, que se trata de un arrendamiento no típico o bastante *sui generis.*

■ Por la disposición que hacemos del recurso, no procede ahora que manifestemos criterios sobre si hubo en verdad una genuina relación de arrendamiento o si por el contrario fue una relación de administración o agencia, sobre todo que no tenemos en el récord, como tampoco los tenía la Sala de instancia, aquellos ingredientes de hecho necesarios para llegar a la conclusión apropiada. El alegado contrato de arrendamiento invocado por la demandada Metropolitan Construction, en virtud de sus cláusulas, suscita una controversia de hecho que requería que se dilucidara en un juicio plenario. Véanse: *Roth* v. *Lugo,* 87 D.P.R. 386 (1963); *García López* v. *Méndez García,* 88 D.P.R. 363 (1963); *Mercado Riera* v. *Mercado Riera,* 87 D.P.R. 566 (1963); *Calderón Molina* v. *Federal Land Bank,* 89 D.P.R. 704 (1963); *Valcourt Questell* v. *Tribunal Superior,* 89 D.P.R. 827 (1964); *Díaz Carrión* v. *Eastern Sugar Associates,* 90 D.P.R. 174 (1964).

■ El querellante alegó haber sido empleado por la recurrida. Tenía derecho a probar, con evidencia directa o a través del contrainterrogatorio en un juicio vivo, con los ingredientes de hecho necesarios para encontrar la verdad, que el referido arrendamiento de un fundo no lo era genuinamente, y que de hecho se trataba de otra relación. Estando en disputa ese hecho, la Sala sentenciadora lo privó de la oportunidad de probarlo y de destruir la aparente relación adversa a él.

La Regla 36.5 de las de Procedimiento Civil de 1958 dispone en parte:

". . . Cuando se presente una moción solicitando que se dicte sentencia sumaria y se sostenga en la forma provista en esta Regla 36, la parte contraria no podrá descansar solamente en las aseveraciones o repulsas contenidas en sus alegaciones, sino que vendrá obligada a contestar en forma tan detallada y específica, como lo hubiere hecho la parte promovente, exponiendo aquellos hechos materiales que cree que intenta probar. Si no contestare bajo juramento, deberá dictarse sentencia en su contra."

Tomamos en cuenta el hecho que en su declaración jurada la recurrida negó el haber empleado al querellante. Véase: *Cortés Piñeiro* v. *Sucn. A. Cortés*, 83 D.P.R. 685 (1961). En oposición, el obrero se limitó a negar la existencia de un arrendamiento. No obstante, la Ley de Salario Mínimo de Puerto Rico—Núm. 96 de 26 de junio de 1956—estatuye que un patrono incluye toda persona que con ánimo de lucro o sin él, emplee *o permita trabajar* cualquier número de obreros, etc., mediante cualquier clase de compensación . . . . Así, aun cuando la recurrida no hubiera empleado directa o personalmente al querellante, podría ser su patrono bajo la anterior disposición de la Ley al permitir que trabajara en el referido negocio, si resultara en definitiva que el llamado contrato de arrendamiento era uno de administración, y que como cuestión de realidad el negocio era explotado por la propia recurrida en esa forma indirecta. Si fuese así, y aun cuando al querellante lo hubiera empleado Martos Torres como agente, por razón de la ley la querellante podría ser su patrono.

*Por las razones expuestas, y habiendo una controversia de hecho a dilucidar, era improcedente la sentencia sumariamente dictada en este caso. Se revocará dicha sentencia así dictada y se devolverá el caso a la Sala sentenciadora para procedimientos ulteriores compatibles con lo aquí dispuesto.*