ATLANTIC CONCRETE PRODUCTS, INC., demandante y recurrida, *v.* TRI COUNTY PRODUCTS, INC., demandada y recurrente.

*Número:* R-67-179     *Resuelto:* 19 de junio de 1968

*William J. Riefkohl, J. M. Calderón García, J. M. Calderón Cerecedo, Cristóbal Colón, Francisco Alonso Rivera, Otto Riefkohl II* y *Luis Pérez Caraballo,* abogados de la recurrente; *McConnell, Valdés & Kelley* y *Pablo R. Cancio,* abogados de la recurrida.

Sala Segunda integrada por el Juez Asociado Señor Hernández Matos como Presidente de Sala y los Jueces Asociados Señores Santana Becerra, Blanco Lugo y Dávila.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

En 19 de julio de 1966, la corporación Atlantic Concrete Products, Inc., demandó a la Tri County Products, Inc., en cobro de la cantidad de $79,958.31, deuda que se originó por concepto de la venta y entrega de mercancía. En una solicitud de prórroga para formular alegaciones se adujo como fundamento que la demandada había pasado a nueva administración y estaba llevando a cabo, a través de peritos contables, un análisis detallado de su estado de situación, lo que le impedía contestar con la certeza necesaria. Idéntico pedido se reiteró en 21 de octubre de 1966.

Antes de expirar el término concedido por el tribunal para contestar, la demandada presentó una moción bajo la Regla 31.1 de las de Procedimiento Civil para requerir a la parte actora que produjera una cuenta detallada de la suma

reclamada, incluyendo la fecha de las órdenes y los abonos, si alguno se había efectuado. Una vez más expresó que carecía de información adecuada o conocimiento suficiente para formar una determinación respecto a la reclamación. A este requerimiento riposto la demandante con una moción para que se dictara sentencia sumaria a su favor con la cual acompañó el estado de cuenta solicitado así como las facturas y conduces relacionados para establecer la existencia de la cantidad reclamada. Se unió además una declaración jurada del Vice Presidente Ejecutivo de la firma demandante.

La demandada se opuso a la solicitud de sentencia sumaria. Al efecto unió una declaración jurada de su administrador para justificar "la existencia de hechos controversiales entre las partes." En la parte pertinente dice:

"Que Tri County Products, Inc., fue adquirida recientemente por nuevos dueños, habiéndose ordenado a través de contables, hacer un estudio de los libros, facturas, conduces y comprobantes, para cerciorarse cuál es el activo y pasivo de la Corporación.

.     .     .     .     .     .     .     .

Que en dicho caso, así como en otros casos, aparecen conduces firmados por personas, que no sabemos si estaban autorizadas para hacerlo, siendo imposible a esta fecha determinar con certeza si las facturas y conduces reflejan los productos y mercancías recibidas o las cantidades que se adeudan.

Que en el caso de autos, además faltan conduces que autentiquen las cantidades que se cobran, entre ellos los Núms. 7702 y 7703, no pudiéndose por falta de hecho [sic] suficientes determinar con conocimiento si la cantidad última que se cobra es la real, así como genuina.

Que siendo imposible por la información producida por la parte demandante tener conocimiento factible de lo adeudado, nos vemos compelidos a negar el total de la cantidad que dichas facturas, conduces y partidas reflejan hasta que se termine y verifique la investigación comenzada."

Con vista de esta declaración jurada, la demandante incluyó los conduces núms. 7702 y 7703 a que se alude en la misma.

Celebrada la vista correspondiente el tribunal de instancia resolvió que la declaración jurada del administrador de la demandada era insuficiente para derrotar la solicitud de sentencia sumaria porque no contiene evidencia que impugne las aseveraciones contenidas en la declaración jurada sometida por la promovente, ya que no se aducen hechos cuyo efecto sea negar la existencia de la cantidad reclamada. (¹) Determinó, por tanto, que no existía controversia genuina entre las partes en cuanto a ningún hecho pertinente. Expresó además que en la declaración jurada de su oficial la demandada tampoco exponía razones suficientes que le hubiesen impedido presentar hechos esenciales para sostener su oposición a la sentencia sumaria y que, según aparecía de los autos, había contado con tiempo suficiente "para tratar de averiguar si ella misma había autorizado o no a las personas que aparecen firmando los conduces a así hacerlo."

---

(¹) Esta posición se elabora en la siguiente forma:

"No se aducen hechos ni se produce evidencia cuyo efecto sea negar la existencia de la deuda reclamada. No se niega que la demandante hiciera gestiones con la demandada para el cobro de la obligación reclamada. No se alega que el crédito reclamado fuera pagado o satisfecho en forma alguna. No se niega que la demandante enviara a la demandada las facturas en las fechas que aparecen en las mismas. No se alega afirmativamente que las facturas, conduces y estado de cuenta sean incorrectas o que no representen fielmente las ventas y entregas de las distintas partidas de materiales. Todo lo que expone la demandada en su declaración jurada es que aparecen conduces firmados por personas que la demandada *no sabe* si estaban autorizadas a hacerlo, siendo imposible determinar si las facturas y conduces reflejan los productos y mercancías recibidos o las cantidades que se adeudan. Esta aseveración de la demandada no injerta en el caso controversia alguna de hecho, puesto que de reproducir la parte demandante, en un juicio en los méritos, la prueba contenida en su declaración jurada y de limitarse la defensa de la demandada, en su turno de prueba, a establecer que no sabe si las personas que aparecen firmando los conduces estaban autorizadas a hacerlo, tal prueba sería totalmente insuficiente como defensa para derrotar la reclamación de la demandante."

En consecuencia, dictó sentencia a favor de la parte demandante por la suma reclamada, intereses y $1,000 para honorarios de abogado.

Acordamos revisar.

Huelga decir que no nos confrontamos en la presente situación con la aplicación del conocido principio sobre la procedencia de la sentencia sumaria cuando no existe entre las partes una controversia genuina sobre los hechos pertinentes a la dilucidación de la reclamación que se ejercita, según se desprende de las declaraciones juradas o de la prueba aportada para sustanciar la ausencia de controversia. *Vda. de Viera* v. *Tribunal Superior*, 93 D.P.R. 503 (1966); *Del Toro* v. *Gobierno de la Capital*, 93 D.P.R. 481 (1966); *Srio. del Trabajo* v. *Metropolitan Const. Corp.*, 92 D.P.R. 194 (1965); *Valcourt Questell* v. *Tribunal Superior*, 89 D.P.R. 827 (1964); *Cortés Piñeiro* v. *Sucesión A. Cortés*, 83 D.P.R. 685 (1961). No empece que la parte demandada caracterizara la declaración jurada por ella presentada como justificativa de la existencia de hechos controvertibles, propiamente considerada tiene el efecto que atribuye la Regla 36.6 de las de Procedimiento Civil, que reza:

"Si de las declaraciones juradas de la parte que se oponga a la moción resulta que ésta no puede, por las razones allí expuestas, presentar mediante declaraciones juradas hechos esenciales para justificar su oposición, el tribunal podrá denegar la solicitud de sentencia, o podrá ordenar la suspensión de la vista para que la parte pueda obtener declaraciones juradas o tomar deposiciones, o conseguir que la otra parte le facilite cierta evidencia, o podrá dictar cualquier otra orden que sea justa."

Precisa establecer la clara distinción que existe entre las declaraciones juradas a que se refieren las Reglas 36.5 y 36.6. Aquéllas, cuando se presentan en oposición a que se dicte la sentencia sumaria, tienen patentemente la calidad de evidencia; éstas, solamente disponibles para la parte que resiste una solicitud de sentencia sumaria, no tienen tal ca-

lidad, y sólo son de carácter·explicativo de las razones que le· impiden presentar las declaraciones que contienen los hechos en oposición. De ahí que en cuanto a las últimas no se requiera que justifiquen la existencia de una controversia real entre las partes. Moore, *Federal Practice*, vol. 6, § 56.24; Barron y Holtzoff, *Federal Practice and Procedure*, vol. 3, § 1238; Nota, 41 Iowa L. Rev. 453 (1956). A menos que las declaraciones sean claramente inmeritorias en cuanto a la justificación que se aduce para excusar el cumplimiento con la Regla 36.5, ó, si su propósito es dilatorio—lo que lleva a una determinación sobre si las razones son adecuadas—el tribunal debe, en el ejercicio de su discreción, posponer la consideración de la solicitud de sentencia sumaria. Por·supuesto, que coetáneamente debe tomar aquellas medidas en la dirección del curso del litigio que garanticen que no se recurra a la Regla 36.6 como un ardid para demorar la solución final del asunto. Todo se reduce a fijar límites de razonabilidad a las actuaciones de la parte que se opone a que se dicte sentencia sumaria.[2]

■ Desde los inicios del pleito la parte demandada ha invocado su desvalimiento para formular adecuadamente alegaciones sobre el importe de la suma reclamada. No se cuestiona que haya pasado a nueva administración y que se encuentre en proceso de comprobación de las deudas existentes. Siendo ello así, la actuación del tribunal a quo al dictar la sentencia sumaria es demasiado drástica y rigurosa, cuando pueden adoptarse otras medidas que conduzcan a una decisión satisfactoria del pleito. Para ello puede interrogarse a la parte demandada sobre las gestiones que efectivamente ha hecho para la comprobación de la deuda, las gestiones que aún le faltan por realizar, la disponibilidad de los testigos que para ello se requieren, y otras, y proceder entonces a

---

[2] La probabilidad de que la parte promovente prevalecerá, con vista de la prueba aducida, no puede considerarse en esta etapa de los procedimientos.

fijar un término perentorio para que la demandada presente las declaraciones juradas en oposición. Concedida esta oportunidad razonable, si la desaprovecha, no podrá quejarse de las consecuencias.

*Se dejará sin efecto la sentencia dictada por el Tribunal Superior, Sala de San Juan, en 27 de abril de 1967, y se devolverá el caso para ulteriores procedimientos.*

