RAMÓN VALCOURT QUESTELL, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. J. M. CALDERÓN, JR., JUEZ, demandado.

*Número:* C-63-67      *Resuelto:* 27 de enero de 1964

828

*Elí B. Arroyo,* abogado del peticionario; *McConnell, Valdés & Kelley,* y *Ramón Morán,* abogados de los opositores.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

La Gulf Petroleum, S.A. demandó a Ramón Valcourt Questell en cumplimiento de contrato o en la alternativa en resarcimiento de daños y perjuicios. En su demanda alegó sustancialmente que en o alrededor del 17 de mayo de 1960 las partes celebraron un contrato de Opción de Compra en

virtud del cual el demandado se obligó a vender y la demandante a comprar un solar de 2,169.52 metros cuadrados a ser segregado de una finca que se describe, por el convenido precio de $30.00 el metro cuadrado; que como condición precedente a la compra del solar, el demandado vendría obligado a obtener de la Junta de Planificación la correspondiente dispensa de la lotificación así como la de cualquiera otra agencia gubernamental para que dicho solar, una vez segregado, pudiera usarse por la demandante para la construcción y operación de una estación de gasolina, habiéndose convenido que si los permisos necesarios de la Junta de Planificación y otras agencias del gobierno no se obtenían dentro del período de la Opción que era de 30 días, sin que hubiese mediado negligencia de la demandante, dicha Opción se extendería por un tiempo razonable para finalizar dichos trámites; que en septiembre de 1960, el demandado sometió a la Junta de Planificación su declaración de Intención de Lotificar con el propósito de segregar el solar objeto del contrato de Opción y que en 7 de septiembre de 1961 la indicada Junta emitió resolución aprobando la segregación del referido solar. Se sigue alegando que a solicitud del demandado, en 20 de mayo de 1960, el Negociado de Permisos de la Junta de Planificación aprobó en principio la construcción de la estación de gasolina en el solar de referencia y que mientras tanto la demandante preparaba planos de mensura y de construcción incurriendo en una serie de gastos. Se alegó en los párrafos 10 y siguientes, textualmente lo siguiente:

"10. Con fecha de 17 de junio, y en vista de que tanto la segregación como la rezonificación del predio de terreno, propiedad del demandado a que se ha hecho referencia anteriormente, fueron desaprobados por la Junta de Planificación de Puerto Rico, la demandante procedió a notificar al demandado la extensión del término de la opción por todo aquel período de tiempo que fuere razonable hasta obtener los permisos de segregación y rezonificación. Le indicaba además la demandante al demandado que estaban en disposición de comprar la propiedad anteriormente men-

cionada, luego de acreditarse satisfactoriamente por el demandado que la Junta de Planificación había aprobado la rezonificación y la segregación y que todas las obligaciones del Vendedor demandado bajo el Contrato de Opción de Compra se habían cumplimentado.

"11. Con fecha de 15 de noviembre de 1961 la demandante informó al demandado que se proponía comprar el solar de referencia tan pronto como hubiese obtenido el permiso de todas las agencias del gobierno, según lo proveía el Contrato de Opción de Compra.

"12. El día 4 de diciembre de 1961 se señaló para tener efecto la firma de la escritura de compraventa de dicho solar, habiendo comparecido a dicho acto la demandante, mas no así el demandado; ni habiendo tampoco justificado su incomparecencia.

"13. La demandante está, y ha estado desde el mes de noviembre de 1960, en disposición y en condiciones de adquirir el correspondiente título de dominio sobre dicho solar mediante otorgamiento de la correspondiente escritura previo pago por la demandante al demandado de la cantidad de $55,711.00.

"14. El demandado se ha negado, y se niega, a pesar de los requerimientos de la parte demandante, a proceder al cumplimiento específico de su Contrato de Compraventa, negándose específicamente a traspasar a la demandante el título sobre la propiedad, según se alega anteriormente."

Contestó el demandado aceptando algunos hechos y negando los más esenciales. Adujo además, como defensas especiales, entre otras, que el contrato de opción es nulo, en la alternativa, quedó resuelto por vencimiento o por incumplimiento por la demandante de sus condiciones o por no haberse obtenido los correspondientes permisos de las autoridades gubernamentales; que el contrato de opción no quedó perfeccionado por no haberse materializado sus condiciones suspensivas.

Posteriormente el demandado presentó una moción solicitando sentencia sumaria a su favor por los siguientes fundamentos:

"1. La demandante solicita en su demanda el cumplimiento específico de un contrato suscrito en 16 de junio de 1960 de

opción de compra de una parcela de aproximadamente 2,170 metros cuadrados que se habría de segregar de una de mayor cabida propiedad del demandado y de los herederos de doña Carmen Muñoz Díaz de Valcourt, esposa fenecida del demandado, quien había fallecido en 16 de febrero de 1959, o sea, con anterioridad al otorgamiento del contrato de opción antes dicho.

"2. Alega el demandado que tiene derecho a que se dicte sentencia sumaria a su favor por los siguientes fundamentos:—

"A. Porque el contrato referido es meramente una opción de compra por virtud del cual la demandante se obligó a comprar pero el demandado no se obligó a vender.

"B. Porque a la fecha de dicho contrato—16 de junio de 1960—dicha parcela no era de la exclusiva propiedad del demandado sino que la misma pertenecía en copropiedad al demandado por participación ganancial y herencia y a los hijos de éste, por participación hereditaria de su fenecida madre, llamados Francisco Nicolás, Carmen Luisa, Gilberto, Fausto, Aida, Rafael y Luis Ramón todos de apellido Valcourt-Muñoz y no habiendo sido partes dichos herederos al mencionado contrato es obvio que el mismo es nulo.

"C. Porque, aun suponiendo que dicho contrato fuese válido y, aun más, que obligase al demandado a efectuar la venta de dicha parcela, el mismo quedó resuelto por sus propios términos ya que la Junta de Planificación desaprobó la segregación de la parcela objeto de dicha opción.

"3. El demandado une y hace formar parte de esta moción una copia literal del referido contrato de opción, certificación del Registrador de la Propiedad e Informe de la Junta de Planificación acreditativos de los hechos antes alegados."

Unió a su moción copia literal del contrato de Opción, una certificación del Registro de la Propiedad sobre el historial de la finca y copia de la Resolución emitida por la Junta de Planificación en 21 de septiembre de 1960 desaprobando la lotificación.

La moción fue discutida en una vista oral y luego el Tribunal de instancia dictó resolución declarándola sin lugar. Para revisar esa resolución expedimos un auto de *certiorari*.

El peticionario señala la comisión del siguiente error:

"Erró el Tribunal Superior de Puerto Rico, Sala de San Juan, Hon. J. M. Calderón, Jr., Juez, al declarar sin lugar la moción de sentencia sumaria a pesar de que la demandante Gulf Petroleum, S.A., no presentó oposición alguna a la moción sino que, meramente, se cruzó de brazos y a pesar, asimismo, de que no existía hecho material en controversia alguno y el demandante tenía derecho a la sentencia sumaria solicitada."

Este señalamiento está predicado en que la sentencia sumaria procedía, como cuestión de derecho, porque habiéndose cruzado de brazos la demandante, aceptó sus alegaciones, las cuales, examinadas a la luz de la prueba documental ofrecida, demuestran que:

"1. por dicho contrato el demandado no se obligó a vender. Véase, *Estado* v. *Torre,* resuelto en 21 de marzo de 1963.

"2. el demandado, en todo caso, no podía obligarse a vender por ser un mero condueño de la propiedad.

"3. porque, en la alternativa, el contrato quedó resuelto al denegarse el permiso de segregación."

Procede dictar sentencia sumaria si de las alegaciones, deposiciones y admisiones hechas junto con las declaraciones juradas, si las hubiere, u otros documentos pertinentes, demostraren que no hay controversia real en cuanto a ningún hecho material y que como cuestión de derecho debe dictarse sentencia sumaria a favor de la parte que la solicita. Regla 36.3 de Procedimiento Civil. Cuando existe una disputa *bona fide* de hechos entre las partes no procede una sentencia sumaria. *Ramos Mimoso* v. *Pueblo,* 67 D.P.R. 640 (1947). Quien solicita la sentencia sumaria viene obligado a demostrar que no hay controversia genuina de hecho a ser juzgada y es deber del juzgador determinar si existe una controversia de hecho sustancial. Si la hay, debe dirimirse en el juicio correspondiente. *Gastambide* v. *Sucn. Ortiz,* 70 D.P.R. 412 (1949). Cuando existe duda en cuanto a la existencia de una controversia real, la misma debe resolverse en contra de la parte que solicita la sentencia sumaria. *Roth* v. *Lugo,* 87 D.P.R. 386 (1963)

■ Ahora bien, cuando el que solicita se dicte sentencia sumaria ha cumplido con la obligación de demostrar que no hay controversia en cuanto a los hechos y que procede se dicte sentencia como cuestión de derecho, la otra parte contra quien se solicita la sentencia no puede derrotar la moción cruzándose de brazos y descansar, como lo hizo en este caso, en lo expuesto en las alegaciones de su demanda. "Está en la obligación de demostrar que tiene prueba para sustanciar sus alegaciones." *Cortés Piñeiro* v. *Sucn. A. Cortés*, 83 D.P.R. 685, (1961).

■ Hemos visto que como uno de los fundamentos de la moción de sentencia sumaria se alegó que el contrato de opción quedó resuelto al denegarse el permiso de segregación. Por la prueba documental presentada en apoyo de la moción quedaron establecidos, entre otros, los siguientes hechos:

1—El contrato de opción se firmó el día 16 de junio de 1960 y en virtud del mismo se concedió a la demandante una opción para comprar la parcela que motiva el litigio, dentro de 15 días de firmado el contrato. Se convino además que las partes harían los trámites necesarios para llevar a cabo la segregación del solar, según los requisitos de la Junta de Planificación y que si éstos, además de los trabajos de investigación de título, aclaración o corrección de pequeños defectos en éste y obtención de otros permisos de las agencias gubernamentales, no se obtenían dentro del término de la opción, sin mediar negligencia de la Gulpet, la opción se extendería por un período de tiempo razonable para la terminación de dichas tramitaciones.

2—Que el Sr. Valcourt Questell presentó ante la Junta de Planificación mediante Declaración de Intención de Lotificar numerada 61-381 Lot., la lotificación de una finca de su propiedad radicada en el Barrio Santurce de San Juan, compuesta de 3162. 43 m/c para segregar de la misma un solar de 2170 metros cuadrados para fines industriales, siendo este el solar objeto de la opción.

3—Que en 21 de septiembre de 1960 la Junta de Planificación desaprobó la referida lotificación, entre otros motivos, porque "3—El uso industrial propuesto no se ajusta a lo permitido en la zona donde radica esta finca, ya que dicha zona aparece marcada 'M' (a mejorarse) en el mapa de zonificación de San Juan."

4—Que el día 6 de diciembre de 1961, o sea, cuando ya había transcurrido más de un año y cuatro meses desde la fecha del contrato de opción, el Sr. Valcourt Questell vendió la totalidad de la finca a terceras personas.

Frente a estos hechos, la parte demandante nada hizo. Descansó en sus alegaciones, entre ellas las de que en 7 de diciembre de 1961, la Junta de Planificación había aprobado la segregación del solar en cuestión (hecho este negado en la contestación) y que con anterioridad a esa fecha había notificado al demandado la extensión del término de la opción por todo aquel período de tiempo que fuere razonable para obtener los permisos de segregación y rezonificación.

■ La demandante quizás pudo, mediante declaraciones juradas, u otros documentos, establecer el hecho de que a pesar de que la Junta de Planificación había desaprobado la segregación del solar en septiembre de 1960, las partes extendieron el término de la opción hasta la aprobación de la segregación que según alega ocurrió casi un año más tarde, o sea, el 7 de septiembre de 1961. Pero repetimos, nada hizo. En su consecuencia, ante los hechos probados por el demandado, resultaba claro que la desaprobación de la segregación del solar por la Junta de Planificación, impedía el cumplimiento de una de las condiciones del contrato de opción, a saber, la aprobación de la segregación del solar por la Junta de Planificación para que la compradora lo dedicara a fines industriales. El derecho de la demandante, bajo el contrato de opción, dependía del cumplimiento de esa condición. Véanse *Mercedes Bus Line* v. *Rojas*, 70 D.P.R. 546, 547 (1949); *Miranda* v. *Echegaray*, 62 D.P.R. 806 (1944).

*Por las razones expuestas se revocará la resolución recurrida y se devolverá el caso para que el Tribunal de instancia dicte sentencia sumaria a favor de la parte demandada.*