MANUEL JONES CADENA
Recurrido

v.

PLACIDO DIAZ, INC. Y JOSE A. DIAZ CUEVAS
Peticionario

Núm. KLCE-95-00136

San Juan, Puerto Rico, a 20 de junio de 1995

Panel integrado por su presidente, Juez Rossy García
y los Jueces Aponte Jiménez y Negroni Cintrón

Aponte Jiménez, Juez Ponente

### TEXTO COMPLETO DE LA SENTENCIA

Intervenimos para revisar la corrección de la resolución dictada por el foro de instancia que denegó una solicitud de sentencia sumaria presentada por la parte querellada-recurrente en un caso que el demandante-recurrido reclama el pago de salarios por horas extras y período de tomar alimentos y alega, además, despido discriminatorio por razón de edad y daños y perjuicios.

El demandante-recurrido, Manuel Jones Cadena, presentó ante el Tribunal Superior, Sala de San Juan, demanda jurada la cual intituló, Acción Civil. Alegó que en ocasión de estar prestando servicios para la codemandada, Plácido Díaz, Inc., como empleado desde 1979, el codemandado, José A. Díaz Cuevas, actuaba como su *"Administrador General y persona con responsabilidad única para tomar decisiones en cuanto a despidos de empleados";* Que a partir del 1990 fue obligado a cambiar su status con los demandados de empleado asalariado a vendedor a comisión; Que simultáneo con dicha decisión, los demandados desarrollaron en su contra un patrón de conducta discriminatoria; Que le impusieron nuevas funciones bajo criterios distintos a los previamente establecidos atribuyéndole falta de producción por razón de que *"esta[ba] viejo para ese trabajo";* Que como resultado y culminación de dicho patrón de conducta fue despedido de su empleo el 28 de agosto de 1992.

Por otro lado, alegó que durante su empleo con la codemandada, Plácido Díaz, Inc., trabajó durante el período fijado para tomar alimentos y en exceso del horario fijado por ley.

Solicitó se le impusiese a los demandados el pago de una cantidad por concepto de daños por el despido discriminatorio, más una suma igual como penalidad, otra por los salarios dejados de recibir, la reinstalación a la posición que ocupaba y el pago de gastos y honorarios de abogado.

Los demandados-recurrentes contestaron la demanda. Negaron las alegaciones en torno a salarios, discrimen y despido. Afirmativamente alegaron que fue el demandante quien en marzo de 1991 decidió continuar su relación con los demandados como *"contratista independiente"* y que el 28 de agosto de 1992, por su cuenta, decidió terminar con dicha relación lo que comunicó a la Secretaria de la co-demandada, Plácido Díaz, Inc.

A la contestación de la demanda, los demandados-recurrentes siguieron con una moción solicitando sentencia sumaria. Acompañaron una extensa prueba documental consistente en la solicitud de reclamación de salarios del demandante-recurrido sometida al Negociado de Normas del Departamento del Trabajo y Recursos Humanos; la notificación de dicho Negociado del resultado de la investigación practicada; copia de las nóminas suscritas por el demandante; copia de cheques girados por la codemandada Plácido Díaz, Inc. a favor del demandante durante el período que el demandante trabajaba a comisión; copia de una transcripción parcial de la deposición tomada al demandante; dos declaraciones juradas una de las cuales prestó el codemandado José A. Díaz Cuevas y la otra por el contable de la codemandada, Plácido Díaz, Inc.; copia de un estado de situación comparado para los años 1989 al 1993 de la codemandada Plácido Díaz, Inc. y copia de las planillas de contribución sobre ingresos de dicha corporación para los años desde el 1989 al 1994.

El demandante-recurrido se opuso. En su comparecencia escrita señala que existe controversia sobre los hechos medulares de las causas de acción por despido, discrimen y salarios conforme los alegados bajo juramento en la demanda presentada a los cuales hace referencia. Expone el derecho aplicable en materia de sentencia sumaria. El tribunal de instancia declaró sin lugar la moción solicitando sentencia sumaria por considerar que existen controversias reales sobre hechos materiales. Añadió que en los casos donde se alega discrimen, conforme lo resuelto por el Tribunal Supremo en *Casto Soto v. Hotel Caribe Hilton,* **94 J.T.S. 128,** *"no es deseable ni aconsejable resolver el litigio por sentencia sumaria".*

En virtud de la Regla 36.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 36.2, la sentencia sumaria es vehículo apropiado para conseguir la ambicionada economía procesal en beneficio tanto de las partes como de los tribunales:

*"Dicho remedio sólo debe ser concedido "cuando el promovente ha establecido su*

*derecho con claridad y ha quedado demostrado que la otra parte no tiene derecho a recobrar bajo cualquier circunstancia que resulte discernible de las alegaciones que no hayan sido refutadas por la moción".* Corp. of the Presiding Bishop of LDFS V. Purcell, 117 D.P.R. 714 (1986). Aunque no se favorece la adjudicación sumaria en casos de discrimen cuando están envueltos elementos subjetivos como la intención *--Casto Soto, supra--* ello no quiere decir que dicho remedio no esté disponible en casos apropiados que reflejen que un demandante carece de prueba para sostener su alegación de discrimen.

La parte que solicita sentencia sumaria a su favor está obligada a demostrar que no existe controversia real sobre los hechos materiales y relevantes y que le asiste la razón como cuestión de derecho. *Tello Rivera v. Eastern Air Lines,* 119 D.P.R. 83 (1987). Como regla general, la parte promovida debe presentar contradeclaraciones juradas y contradocumentos para controvertir los hechos presentados por el promovente. *Rivera Santana v. Superior Packaging, Inc.,* **92 J.T.S. 165**.

A los fines de resolver la sentencia sumaria solicitada, el juzgador debe tomar en cuenta y analizar todos los documentos y declaraciones juradas que consten de los autos del caso y evaluarlos de la forma más favorable al promovido. *Flores v. Municipio de Caguas,* 114 D.P.R. 521 (1983). Si existe alguna duda debe resolver la solicitud de sentencia sumaria en contra del promovente. *Valcourt Questell v. Tribunal Superior,* 89 D.P.R. 827 (1964). Igualmente, al estar juradas las alegaciones de la demanda con mayor peso se justifica que, para fines de la sentencia sumaria, sean consideradas como ciertas. *Cervecería Corona. Inc. v. Tribunal Superior,* 99 D.P.R. 698 (1971).

Examinemos los hechos materiales sobre los cuales hay controversia real y sustancial para determinar si procedía o no la sentencia sumaria solicitada por los recurrentes.

En la demanda presentada se alega bajo juramento que el codemandado José A. Díaz Cuevas actuaba como Administrador General y dueño de la codemandada Plácido Díaz, Inc., patrono del demandante. Se le atribuye a los demandados haber desarrollado un patrón de persecución contra el demandante que comenzó cuando le obligaron en el 199 a aceptar un cambio en el status de su empleo con la codemandada Plácido Díaz, Inc., a los efectos de que en adelante se desempeñara como empleado a comisión en lugar de por un salario. Le exigían cobrar facturas a *"altas horas de la noche",* trabajar durante el período de tomar alimentos y después de la hora fijada para su salida. También se alega en la demanda jurada que los demandados le comentaban que ya estaba viejo para el trabajo que realizaba y que no producía como antes. Su horario de trabajo requerido en todo momento era de 8:00 de la mañana a 5:00 de la tarde.

De igual modo, la demanda jurada atribuye a los demandados, Plácido Díaz, Inc. y José A. Díaz Cuevas, su dueño y Administrador General, el despido del demandante el 28 de agosto de 1992 como desenlace del patrón de persecución y discrimen en su contra y como *"represalia"* por éste haber protestado que para mantener su empleo se apreciara el factor de su edad como requisito.

Tanto en la contestación a la demanda como en la solicitud de sentencia sumaria y la declaración jurada que se acompaña, prestada por el codemandado-recurrente, José A. Díaz Cuevas, los demandados-recurrentes niegan que el demandante-recurrido fuese despedido. Por el contrario, alegan que el 28 de agosto de 1992 éste *"decidió unilateralmente"* finalizar su relación con la co-demandada, Plácido Díaz, Inc. como contratista independiente la cual comenzó en marzo de 1991. Asimismo, niegan todo lo relacionado con la reclamación de horas extras y de hora de tomar alimentos que se alega en la demanda jurada.

En lo referente a que el demandante-recurrido se desempeñaba como empleado a

comisión, aunque admiten que le pagaban comisiones por las ventas que realizaba, niegan su status de empleado alegando que la relación entre el demandante y la corporación demandada era de contratista independiente desde marzo de 1991. Reconocen que desde el 1979 hasta marzo de 1991 el demandante-recurrido fue empleado regular de la codemandada Plácido Díaz, Inc., desempeñándose como vendedor.

Por otro lado, los demandados-recurrentes en apoyo de la solicitud de sentencia sumaria elaboran su teoría a base de que el único despido que puede alegar el demandante-recurrido ocurrió cuando en marzo de 1991 éste voluntariamente optó por continuar su relación con Plácido Díaz, Inc. como contratista independiente. En cuanto a ese evento sostienen que aún interpretando lo acaecido entonces como un despido constructivo, el mismo estuvo justificado debido a la condición económica precaria por la cual atravesaba dicha corporación para ese año y los posteriores. Evidencian su contención con los estados de situación comparados de la empresa para los años del 1989 al 1993, una declaración del contable de la corporación y las planillas de contribución sobre ingresos sometidas al Departamento de Hacienda para esos años, todo lo cual acredita su pobre condición económica. Se olvidan, por el momento, que el despido que alega el demandante es el ocurrido el 28 de agosto de 1992 cuando, según la demanda jurada, aún mantenía su condición de empleado de la compañía como vendedor a comisión.

No podemos perder de vista que la alegación que formula el demandante en relación con su cambio de status con la codemandada, Plácido Díaz, Inc., tiene el propósito de evidenciar el patrón de persecución y discrimen de los demandados que concluyó con su despido definitivo. El despido que claramente se alega bajo juramento en la demanda se refiere al evento ocurrido el 28 de agosto del 1992, no al que alegan los demandados que ocurrió en marzo de 1991 cuando el status del demandante, según éstos, se cambió de empleado regular a contratista independiente.

Como puede verse, el hecho real y material de si el demandante fue despedido de su empleo con la co-demandada el 28 de agosto de 1992 está en controversia. Por un lado, el demandante alega bajo juramento que fue separado de su empleo por los demandados como desenlace de un patrón de discrimen por razón de su edad. Por el otro, los demandados alegan que fue el demandante quien voluntariamente decidió terminar su relación con la corporación demandada la cual en ese momento, 28 de agosto de 1992, era de contratista independiente. La alegación de los demandados-recurrentes de que la prueba documental que se acompañó con la solicitud de sentencia sumaria demostró de manera incontrovertida que la co-demandada, Plácido Díaz, Inc., estuvo justificada al proceder con el cambio de status del demandante en marzo de 1991 por razón de la reorganización que sufrió para poder superar su precaria condición económica y que de ahí en adelante ello justificaba continuar su relación con el demandante como contratista independiente, en forma alguna tiene la trascendencia de establecer como un hecho incontrovertido el alegado despido del demandante el 28 de agosto de 1992. Ese evento en particular los demandados-recurrentes lo niegan y afirman que fue el demandante quien voluntariamente decidió concluir su relación con la compañía. Tampoco adquiere ese alcance dicha alegación ante la específica del demandante en contrario, bajo juramento, de que la relación después del alegado cambio de status continuó como empleado a comisión.

A nuestro juicio, una vez determinado que el hecho del alegado despido del demandante sin justa causa el 28 de agosto de 1992 está en controversia, torna entonces académica la alegación de los recurrentes, en cuanto a la solicitud de sentencia sumaria se refiere, basada en que al quedar demostrado como un hecho incontrovertido que el despido del demandante fue justificado y no proceder su reclamación al amparo de la Ley 80 de 30 de mayo de 1976 (29 L.P.R.A. Sec. 185(a)), *"ello dispone fulminantemente de la reclamación de discrimen por edad [del demandante] al amparo de la Ley Número 100"*. Por consiguiente, el argumento de

los demandados-recurrentes que reclama haber evidenciado con la solicitud de sentencia sumaria que el despido del demandante se debió a una razón no discriminatoria se disipa.

Rechazamos igualmente la tesis de los demandados-recurrentes de que una vez establecido que no se ha contratado un sustituto del demandante-recurrido ello convalida que el despido del demandante no fue discriminatorio. La edad como factor concluyente y causa verdadera del despido no queda descartada por la ausencia de intención de los demandados de sustituir al demandante por una persona más joven. Más bien es un hecho a considerar.

Desde otro ángulo, el que los demandados-recurrentes no hayan sustituido al demandante-recurrido, por sí sólo, tampoco sostiene que deba dictarse sentencia sumaria por quedar descartado que el alegado despido fue discriminatorio. La existencia de una controversia real y sustancial sobre el despido discriminatorio no puede excluirse si se considera que el demandante tenía más de cincuenta y siete (57) años al momento del alegado despido, que los demandados meramente se limitan en la contestación a la demanda a negar en forma general la alegación específica bajo juramento de que estaba capacitado para realizar la labor que desempeñaba y la afirmación que atribuye al codemandado, José A. Díaz Cuevas, manifestaciones alusivas a la edad del demandante como la causa de su baja productividad.

Aparte de lo expresado, también resulta estar en controversia el status del demandante a la fecha de la terminación de su relación con la codemandada, Plácido Díaz, Inc., el 28 de agosto de 1992. En ese sentido el factor de compensación, por sí sólo, como elemento para sostener la alegada relación de contratista independiente del demandante, no es determinante para excluir la que éste alega de empleado. Cfr., *Tastee Freeze v. Negociado de Seguridad de Empleo,* 111 D.P.R. 809 (1981).

Tomando en consideración tanto las alegaciones bajo juramento del demandante-recurrido como las de los demandados-recurrentes habría que examinar en sus méritos, por estar en controversia, primeramente si al momento del alegado despido el demandante-recurrido mantenía con la codemandada-recurrente, Plácido Díaz, Inc., un vínculo de empleado, aunque fuera a comisión, para lo cual habría que analizar los criterios que integran esa relación con miras a determinar si estaban o no presentes. Segundo, si las manifestaciones del codemandado José A. Díaz Cuevas referente a la edad del demandante como impedimento para desempeñar sus funciones, unido a las otras alegadas actuaciones de los demandados-recurrentes y asumiendo establecido el status de empleado del demandante-recurrido demuestran, a satisfacción del juzgador, que efectivamente las actuaciones de los demandados-recurrentes obedecieron a una intención de despedir al demandante-recurrido por razón de su edad o si, por el contrario, éste decidió voluntariamente concluir su relación con la codemandada, Plácido Díaz, Inc.

Para poder dilucidar si el demandante-recurrido era o no empleado de la codemandada-recurrente, Plácido Díaz, Inc. y si fue despedido el 28 de agosto de tal como alega, o fue que renunció voluntariamente, y de concluirse que fue despedido si se discriminó en su contra, por constituir alegaciones que demandan la apreciación de unos hechos que están en controversia, no pueden resolverse utilizando el vehículo de la sentencia sumaria. Requieren de una vista evidenciaria para que el juzgador pueda adjudicarlas en sus méritos.

Los demandados-recurrentes plantean, además, que el demandante-recurrido está impedido de reclamar su causa de acción por horas extras y hora de tomar alimentos por cuanto el Departamento del Trabajo y Recursos Humanos determinó a base de las nóminas que se les presentó que *"el demandante solamente tenía derecho a que se le pagaran unas vacaciones pendientes"* denegándole el resto de su reclamación por salarios y despido.

No podemos concederle virtualidad de cosa juzgada a un procedimiento administrativo

que se reconoce como de naturaleza investigativo, no adjudicativo ni de tipo adversativo sin fuerza alguna para ponerlo en vigor, ni aún en casos de despido. Tampoco tenemos duda de que tal pronunciamiento del Departamento del Trabajo no reúne los requisitos bajo los criterios tradicionales que para su invocación y aplicación requiere la figura de cosa juzgada en cualesquiera de sus modalidades. Cfr., *Epifanio Rodríguez Oyola y otros v. Domingo Machado Díaz y otros,* **94 J.T.S. 82**; *The Preclusive Effect of Unemployment Decisions in Subsequent Litigation,* 4 The Labor Lawyer 69,70 (1988), Section of Labor and Employment Law, American Bar Association.

Cierto es que en términos generales la doctrina de cosa juzgada es de aplicación en los tribunales a casos apropiados cuando se trata de previas adjudicaciones ante los foros administrativos sobre el mismo asunto y las mismas partes. No obstante, la intervención de la agencia administrativa tiene que ajustarse a una dinámica dentro de un marco cuasijudicial adversativo. El procedimiento utilizado debe ser uno de tipo contencioso donde no sólo las partes hayan tenido la oportunidad de litigar la controversia oportuna y adecuadamente sino que las cuestiones así litigadas también hayan sido adjudicadas con propiedad. *Pagán Hernández v. U.P.R.,* 107 D.P.R.720 (1978). Unicamente estando presentes esos factores puede considerarse la aplicación de la figura de cosa juzgada en cualquier pleito posterior. En el que nos ocupa, nada de lo anterior se adjudicó con arreglo a los expresados criterios.

A tenor de lo expuesto, se deniega la expedición del auto solicitado y se confirma la resolución del foro de instancia que declaró sin lugar la solicitud de sentencia sumaria presentada por los demandados-recurrentes.

Lo acuerda el tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

**ESCOLIO 95 DTA 129**

**1.** Los demandados-recurrentes alegan que dicho evento ocurrió en marzo del 1991.