Ortiz Carrión, Juez Ponente
*1146 TEXTO COMPLETO DE LA SENTENCIA
El Sr. Filiberto Cruz Aguila, la Sra. Nilda González y la sociedad legal de gananciales constituida por ambos, apelaron una sentencia sumaria dictada por el Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Bayamón. La sentencia sumaria le ordena a los apelantes a satisfacer al demandante Vehicle Equipment Leasing Corp., "VELCO", la suma de $12,481.00 más $3,745.00 en concepto de honorarios de abogados. Antes de dilucidar la procedencia de esta apelación procedemos a evaluar las circunstancias procesales en que se dictó la sentencia sumaria cuya revisión se solicita.
I
VELCO presentó una demanda el 25 de febrero de 1994 donde alega que los demandados el Sr. Filiberto Cruz, la Sra. Nilda González y la Sociedad de Gananciales constituida por ellos, otorgaron un contrato de arrendamiento financiero de un vehículo de motor el 6 de septiembre de 1990. Además, alega que en dicho contrato los demandados acordaron pagar un canon mensual de $376.00 por sesenta meses, el cual han dejado de pagar. Por último, alega que los demandados le adeudan $12,481.00 más $3,745.00 por concepto de honorarios de abogados, suma por la cual solicita que se dicte sentencia.
Luego de ser emplazados, los demandados solicitaron una prórroga de 30 días a partir de la autorización para contestar la demanda. La prórroga fue autorizada el 4 de mayo de 1994 y notificada el 11 de mayo de 1994. Ese mismo día, el tribunal a quo señaló una conferencia sobre el estado de los procedimientos para celebrarse el 14 de junio de 1994.
Mientras tanto, el 9 de mayo de 1994, VELCO presentó la moción en la que solicitó que se dicte sentencia sumaria por la suma reclamada. Junto a la moción se presentó copia del contrato de arrendamiento financiero suscrito por los demandados, copia de los emplazamientos diligenciados y una declaración jurada suscrita por el Sr. Miguel Guindín, Gerente del Departamento de Servicios Especiales de VELCO Corp. donde éste declara que los demandados le adeudan a la VELCO la suma de $12,481.00 más $3,745.00 por concepto de honorarios de abogados, según pactados.
El 26 de mayo de 1994 los demandados presentaron una oposición a la moción de sentencia sumaria, en la cual alegan que algunos de los cánones mensuales alegadamente adeudados fueron pagados. Para sostener tal alegación acompañan copia de dos cheques fechados el 27 de julio de 1993 expedidos a la orden de VELCO. También incluyeron copia de una nota que VELCO alegadamente les envió donde se devuelven tales cheques. Por último, alegan que el referido vehículo de motor fue entregado a VELCO con su anuencia, sin que en ese momento se les reclamara deuda alguna, y fue vendido sin notificarles, según requiere el contrato.
Basándose en tales documentos y alegaciones los demandados sostuvieron la existencia de una controversia real y genuina sobre los hechos del caso, y se opusieron a que se dictara una sentencia sumaria.
El 7 de junio de 1994 el abogado de los demandados presentó su renuncia. El tribunal a quo les concedió un término de 30 días para contratar nueva representación. El 12 de septiembre de 1994 *1147 VELCO presentó una moción para que se anotara la rebeldía de los demandados y se dictara sentencia en su contra, por no haber contestado la demanda, a lo cual se opusieron los demandados mediante moción de 26 de septiembre de 1994. El 14 de septiembre de 1994 el tribunal a quo dictó sentencia sumaria, notificándola el 30 de noviembre de 1994.
En la sentencia sumaria, el tribunal a quo concluyó que no existe controversia real o sustancial sobre la alegación de que los demandados le adeudan $12,481.00 a VELCO; y desglosó esa suma de la siguiente forma: $2,632.00 por siete mensualidades atrasadas a razón de $376.00, 24 meses hasta la terminación del contrato, $200.00 de cargos por demora, $4,381.75 de valor residual y $1,470.00 por cargos adicionales, además de $3,745.00 de honorarios de abogado. Concluyó además, que según los términos del contrato suscrito entre las partes, el haber dejado de pagar los cánones a la fecha de su vencimiento, le confiere derecho a VELCO para declarar la deuda vencida en su totalidad y cobrarla.
El 13 de diciembre de 1994, los demandados presentaron una moción de reconsideración. El tribunal a quo la atendió mediante orden del 23 de diciembre de 1994, notificada el 17 de enero de 1995 y la denegó mediante resolución de 21 de marzo de 1995, notificada el 30 de marzo.
En su apelación, los apelantes señalan que el tribunal a quo erró al dictar sentencia en rebeldía, cuando la norma prevaleciente favorece la adjudicación de los casos en sus méritos. Sin embargo, de los autos originales del caso, ni de la sentencia surge que la sentencia dictada en este caso fuese una en rebeldía. Por el contrario, de la propia sentencia cuya revisión se solicita surge que la misma fue dictada sumariamente a tenor con la Regla 36 de las de Procedimiento Civil. No obstante, el apelante tiene razón al señalar que la sentencia se dicto erróneamente.
II
El Tribunal de Primera Instancia dictó la sentencia apelada en virtud de lo dispuesto por la Regla 36.3 de las de Procedimiento Civil. La Regla 36.1 de Procedimiento Civil, 34 L.P.R.A. Ap. III, autoriza a la parte reclamante en un litigio a presentar una moción para que se dicte sentencia sumariamente a su favor. La Regla 36.3, a su vez, dispone que el tribunal procederá a dictar la sentencia, sólo si de las alegaciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, si las hubiere, demuestren que no hay controversia real sustancial en cuanto a los hechos materiales y que como cuestión de derecho debe dictarse sentencia sumaria a favor de la parte promovente.
El Tribunal Supremo de Puerto Rico ha reiterado que el fin de la sentencia sumaria es promover una solución justa, rápida y económica de la litigación cuando no existe una genuina controversia de hechos. Por esta razón, el Tribunal Supremo de Puerto Rico ha indicado que:
"el sabio discernimiento es el principio rector para su uso, porque mal utilizada puede prestarse para despojar a un litigante de "su día en corte", principio elemental del debido procedimiento de ley. Es por esta razón que el Tribunal debe cerciorarse de la total inexistencia de controversias de hechos y que el residuo sea la aplicación del derecho. Tello v. Eastern Airlines, 119 D.P.R. 83 (1987)”. Roig v. Rosario Cirino, 90 J.T.S. 106.
El Tribunal Supremo de Puerto Rico también ha interpretado que los tribunales de instancia no están limitados a considerar únicamente los hechos o documentos que se le presenten en la solicitud de sentencia sumaria, sino que también deben considerar todos los documentos en autos, sean parte de la solicitud de sentencia sumaria. Padín v. Rossi, 100 D.P.R. 259 (1971). También se ha resuelto que cuando exista duda sobre la existencia de una controversia, ésta debe resolverse contra la parte que solicita la sentencia sumaria. Roth v. Lugo, 87 D.P.R. 386, 396 (1963); Valcourt Questell v. Tribunal Superior, 89 D.P.R. 827, 832 (1964); Corp. Presiding Bishop CJC of LDS v. Purcell, 117 D.P.R. 714, 720 (1986).
En el caso de autos, la controversia planteada ante el tribunal a quo es si el Sr. Cruz y los demás demandados incumplieron su contrato de arrendamiento financiero con VELCO y de ser así, cuánto dinero le adeudan. Sin embargo, ni en la moción de sentencia sumaria, ni en los documentos que la acompañan, se identifica cuáles son las mensualidades que los demandados dejaron de pagar. Tampoco se identifica la fecha en la que los demandados entregaron el auto. Por el contrario, en su *1148 moción en oposición a que se dictase dicha sentencia los demandados presentaron copia de dos cheques emitidos el 27 de julio de 1993 por la suma de $381.64 cada uno, y alegan que estos cheques no le fueron acreditados a su deuda. Asimismo, la reclamación de $1,470.00 por otros cargos adicionales no aparece sostenida por los documentos presentados por VELCO.
Por último, el contrato de arrendamiento suscrito entre las partes establece que en caso de que el vehículo se venda la cantidad obtenida por dicha venta será descontada de la deuda restante. En la demanda presentada por VELCO se alegó que el vehículo se vendió en $4,500.00 y que esta cantidad se descontó de la deuda de los demandados. Sin embargo, en la solicitud de sentencia sumaria no se hace referencia al precio recibido por esta venta, ni al posterior descuento a la deuda.
De todo lo anterior, surge que existe controversia real sustancial en cuanto a los hechos materiales del caso, por lo que este caso no debió ser resuelto mediante sentencia sumaria. Regla 36.3 de las de Procedimiento Civil; Corp. Presiding Bishop CJC of LDS v. Purcell, supra; Tello Rivera v. Eastern Airlines, 119 D.P.R. 83, 87 (1987).
Por los fundamentos que anteceden, se revoca la sentencia sumaria dictada por el tribunal a quo y se le devuelve el caso para que continúe el trámite del pleito.
Lo acuerda y manda el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General