# 98 DTA 199

TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL II DE BAYAMON
PANEL SUSTITUTO


MARIA COLON SANTOS Y CESAR RUBERT MELENDEZ
Demandantes-Apelantes

v.

BANCO BILBAO VIZCAYA, ET AL.
Demandados-Apelados

Núm. KLAN-98-00679

San Juan, Puerto Rico, a 7 de agosto de 1998

Panel integrado por su Presidente, Juez Arbona Lago
y los Jueces Salas Soler y Giménez Muñoz

Salas Soler, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La parte demandante-apelante, María Colón Santos y César Rubert Meléndez, presentó un escrito de apelación para solicitar la revocación de una sentencia dictada por el Tribunal de Primera Instancia, Sala Superior de Bayamón, en la que se declaró con lugar una moción de sentencia sumaria presentada por los demandados-apelados.

### Antecedentes

La Sra. María Colón Santos acudió en la mañana del 5 de diciembre de 1995 a la sucursal de Levittown del Banco Bilbao Vizcaya (Banco) para realizar un depósito de dinero. Al salir de la

institución bancaria, un hombre enmascarado quien portaba un arma de fuego la agarró por el cuello y le apuntó con su arma. De esa forma, el sujeto la condujo hasta la puerta de entrada de la sucursal y le exigió al guardia de seguridad que le abriera la puerta. Debido a la negativa del guardia de seguridad de acceder a lo solicitado, el sujeto comenzó a dispararle a la cerradura de la puerta mientras continuaba sujetando a la Sra. Colón Santos por el cuello. Luego de que el sujeto lograra acceso al interior de la sucursal tras romper la puerta, soltó a la Sra. Colón Santos cuando la Policía llegó a las facilidades del Banco.

Como consecuencia de este incidente, la Sra. Colón Santos y su esposo, el Sr. César Rubert Meléndez, presentaron el 5 de febrero de 1997 una Demanda Jurada solicitando la indemnización por los daños sufridos a raíz de este incidente. Los demandantes alegaron que los daños y angustias mentales que han sufrido se deben a la culpa y negligencia del Banco al manejar el atentado de robo de manera irresponsable. En el párrafo número once (11) de la demanda, los demandantes indican que durante el mes de julio de 1996 el Sr. Rubert se personó a la sucursal del Banco para requerir el resarcimiento por los daños sufridos y el pago por los gastos de visitas al siquiatra y de medicinas.

Luego de varios trámites procesales, en o alrededor del 10 de noviembre de 1997 el Banco presentó Moción de Sentencia Sumaria ante el Tribunal de Primera Instancia, Sala Superior de Bayamón, donde alegó que la parte demandante radicó la demanda en el caso de epígrafe en exceso del término para la radicación de una demanda al amparo del Artículo 1802 del Código Civil, 31 L.P.R.A. § 5141. Esta moción fue acompañada por una Declaración Jurada suscrita por el Sr. Elliot Santana Rodríguez, Oficial de Operaciones de la sucursal de Levittown, en la que hizo constar que ni el Sr. Rubert ni la Sra. Colón Santos le hicieron a él o, de acuerdo a su conocimiento personal, a otro funcionario del Banco reclamación alguna por los daños alegados en su Demanda.

El 12 de diciembre de 1997 la parte demandante radicó Moción Informativa y Oposición a Sentencia Sumaria en la que hizo referencia a la contestación bajo juramento de una Moción de Desestimación radicada anteriormente por la parte demandada. ■ En ese escrito el Sr. Rubert declaró que acudió el día 22 de julio de 1996 a la sucursal de Levittown y allí le requirió al Sr. Santana Rodríguez el resarcimiento de los daños alegados y que el gerente le manifestó que el Banco sólo se haría responsable por gastos de médicos generalistas, pero no así por gastos de siquiatras.

El hermano foro de instancia, mediante Sentencia del 4 de marzo de 1998, declaró con lugar la Moción de Sentencia Sumaria presentada por la parte demandada por entender que no existe controversia real sustancial sobre los hechos y que conforme a derecho se entiende que la causa de acción de los demandantes está prescrita. Inconforme, la parte demandante radicó ante este foro apelativo un Escrito de Apelación en el que señalan que el tribunal de instancia incidió al declarar con lugar la solicitud de sentencia sumaria cuando tenía ante sí dos declaraciones juradas absolutamente inconsistentes sobre el hecho de la prescripción de la causa de acción de epígrafe.

### Exposición y Análisis

La parte demandante-apelante sostiene en su Escrito de Apelación que un tribunal de instancia no puede dictar una sentencia sumaria cuando existe una clara controversia sobre hechos esenciales que requiere la celebración de un juicio plenario. Debido a que en el caso de autos existen dos declaraciones juradas contradictorias sobre el hecho fundamental de la interrupción del término prescriptivo de la causa civil de epígrafe, esta parte señaló que el foro de instancia incidió al declarar con lugar la Moción de Sentencia Sumaria presentada por el Banco demandado.

No obstante, de los documentos contenidos en el expediente se desprende que existe una controversia respecto a un hecho importante y pertinente (*"material"*) esencial en este caso. En particular, la alegada visita del Sr. Rubert Meléndez del día 22 de julio de 1996 a la sucursal de Levittown del Banco demandado. La parte apelante alega que realizó dicha visita y que le requirió al Oficial de Operaciones de dicha sucursal, el Sr. Santana Rodríguez, el resarcimiento por los daños ocasionados como consecuencia del intento de atraco a dicha sucursal del 5 de diciembre de 1995. Esta parte indicó que esta visita interrumpió el término prescriptivo de un año según dispone el Artículo 1868 del Código Civil, 31 L.P.R.A. § 5298. Por tanto, la demanda que dio inicio a la causa civil de epígrafe no estaba prescrita.

Por otro lado, el Sr. Santana Rodríguez afirmó mediante Declaración Jurada que ni el Sr. Rubert Meléndez ni su esposa le hicieron a éste y, que él tuviera conocimiento, a ningún otro funcionario del Banco, reclamaciones de daños por los hechos que dan base al presente caso provocando que el término prescriptivo de la causa de acción de la parte demandante nunca fuera interrumpido extra-judicialmente. Por ende, la demanda habría sido radicada en exceso del término prescriptivo.

El mecanismo procesal de la sentencia sumaria fue incorporado en nuestro ordenamiento jurídico para brindarle a los tribunales de instancia un instrumento que propicie la resolución rápida y económica de litigios que no presentan controversias genuinas de hechos materiales y que, por lo tanto, no ameritan la celebración de un juicio en su fondo. Utilizado correctamente, este vehículo procesal contribuye a descongestionar los calendarios judiciales. Aunque esta moción va dirigida a promover la adjudicación rápida y la armonía procesal, su objetivo fundamental es el obtener una solución justa a la acción presentada. *Cuadrado Lugo v. Santiago Rodríguez,* 126 D.P.R. 272, 279 (1990).

La Regla 36.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 36.3, establece que *"la sentencia solicitada se dictará inmediatamente si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, si las hubiere, demostraren que no hay controversia real sustancial en cuanto a ningún hecho material y que como cuestión de derecho debe dictarse sentencia sumaria a favor de la parte promovente." Audiovisual Language v. Sistema de Estacionamiento Nadal,* Opinión del 15 de diciembre de 1997, **97 J.T.S. 147,** pág. 400; *Neca Mortgage Corp. v. A & W Developers S. E.,* Opinión del 7 de febrero de 1995, **95 J.T.S. 10**, pág. 603; *Pilot Life Insurance Company v. Crespo Martínez,* Opinión del 13 de julio de 1994, **94 J.T.S. 104,** pág. 21; *Cuadrado Lugo v. Santiago Rodríguez, supra,* pág. 279; *Corp. Presiding Bishop CJC of LDS v. Purcell,* 117 D.P.R. 714, 722-723 (1986).

Debido al balance que debe existir entre la encomienda de garantizar la solución justa, rápida y económica de todo pleito y el derecho de las partes a ser escuchados y de presentar prueba en una vista plenaria al amparo del debido proceso de ley, la jurisprudencia de nuestro Tribunal Supremo ha establecido que cualquier duda sobre la existencia de una controversia de hechos debe resolverse contra la parte promovente. *Cuadrado Lugo v. Santiago Rodríguez, supra,* pág. 279; *Corp. Presiding Bishop CJC of LDS v. Purcell, supra,* pág. 720; *Valcourt Questell v. Tribunal Superior,* 89 D.P.R. 827, 832 (1964).

De conformidad con lo aquí expuesto y en atención a los hechos del caso de autos y el Derecho aplicable procede que se revoque la sentencia apelada y se devuelva el caso a Instancia para la continuación de los procedimientos.

No obstante, debemos señalar que nada estamos resolviendo en cuanto a la credibilidad que le merezca al Tribunal de Instancia la alegada interrupción de la prescripción de la causa de acción de epígrafe.

**Dictamen**

Conforme a lo antes señalado se revoca la sentencia apelada y se devuelve el caso para la continuación de los procedimientos ante el foro de instancia.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

**ESCOLIO 98 DTA 199**

1. Esta moción fue declarada no ha lugar por Instancia mediante Orden del 6 de mayo de 1997.